IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JACK GRANT,                                  )
                                             )     No. 72905-5-I
                 Appellant,                  )
                                             )     DIVISION ONE
          v.                                 )
                                             )
FIRST HORIZON HOME LOANS, aka                )
FIRST HORIZON CORPORATION dba                )
"First Horizon Home Loans"; and              )
QUALITY LOAN SERVICE                         )
CORPORATION OF WASHINGTON,                   )
a Washington corporation,                    )
                                             )
                 Respondents,                )
                                             )     UNPUBLISHED OPINION
          and                                )
                                             )     FILED: May 31, 2016
UNKNOWN JOHN and JANE DOES                    )
1-10, XYZ CORPORATIONS 1-10,                  )
ABC LIMITED LIABLITY COMPANIES               )
1-10; and 123 BANKING ASSOCIA-               )
TIONS 1-10; STEWART TITLE dba                )
"Stewart Title of Bellingham"; STEWART)
TITLE OF WESTERN WASHINGTON,                 )
INC., a Washington corporation dba           )
"Stewart Title of Bellingham"; STEWART)
TITLE OF BELLINGHAM, INC., a                  )
Washington corporation dba "Stewart          )
Title of Bellingham"; and UNKNOWN            )
JOHN and JANE DOES 11-20; XYZ                 )
CORPORATIONS 11-20; and ABC                   )
LIMITED LIABLITY COMPANIES 11-20;)
                                             )
                 Defendants.                 )
_____)

COURT OF APPEALS DIV I
STATE OF WASHINGTON
2016 MAY 31 AM 9: 30

BECKER, J. — A borrower requests an opportunity to pursue a consumer protection claim that this court, in a previous appeal, held was properly dismissed. The borrower contends consumer protection law changed in his favor while the rest of his lawsuit was still alive. Because we are unpersuaded that our previous decision would have come out differently under current law, we decline to exercise our discretion to reinstate the claim.

At issue is an order granting summary judgment to respondents First Horizon Home Loans and Quality Loan Service Corporation of Washington. This court reviews orders granting summary judgment de novo. Summary judgment is proper if the facts, when viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law. Bavand v. OneWest Bank, FSB, 176 Wn. App. 475, 309 P.3d 636 (2013).

In 2004, appellant Jack Grant obtained a construction loan for $800,000 from First Horizon Bank to make improvements to his beach cottage. The promissory note memorializing the loan required monthly payments of $4,732. A deed of trust on the property secured the note.

In April 2010, Grant stopped making monthly payments. In July 2010, Quality issued a notice of default. Quality claimed to be the owner and beneficiary of the promissory note.

Grant filed suit against First Horizon, Quality, and others to enjoin the nonjudicial foreclosure proceedings. The complaint also sought damages under various theories of liability, including the Consumer Protection Act, chapter 19.86

RCW. The complaint asserts that the foreclosure proceedings and documents were confusing and misleading, making it impossible to know the true identity of the owner or holder of the note and deed of trust, who had the legal right to foreclose, who was entitled to payments, and whether the note still existed. The allegedly unfair or deceptive acts or practices specified in the complaint in support of the consumer protection claim are that First Horizon failed to legally assign the note and deed of trust, failed to notify Grant of changes in the trustee or owner of the note and deed of trust, failed to notify him of the appointment of agents, and refused to proceed with the advance of the loan unless he accepted last-minute changes that altered the status of his separate property.

Initially, the trial court issued a temporary restraining order enjoining a trustee's sale of Grant's home. But in February 2011, the trial court dismissed Grant's lawsuit with prejudice on motions brought under CR 12(b)(6) and 12(c). The consumer protection claim, among others, was dismissed on statute of limitations grounds. The trial court stated that a cause of action for wrongful foreclosure might arise if the property was eventually disposed of at a trustee sale.

Grant appealed. He argued that none of the defendants had authority to foreclose. A section of his opening brief addressed the merits of the consumer protection claim and referred to First Horizon and Quality as "foreclosure mills."[1] Grant identified the unfair and deceptive act as Quality's issuance, without authority, of a falsified notice of default. He argued that such conduct was likely

---

[1] Brief of Appellant at 39. Grant v. First Horizon Home Loans, No. 66721-1 (Wash. Ct. App. May 24, 2011).

3

to be repeated and deceive other members of the public. He also noted the legislature's recent passage of the bill that established the Foreclosure Fairness Act, chapter 61.24 RCW. Grant claimed the Foreclosure Fairness Act added new per se violations of the Consumer Protection Act that should apply retroactively to his case.

Quality's responding brief went through the five elements of a consumer protection claim and claimed that Grant failed to allege facts that would support a claim that the issuance of the notice of default met those elements. First Horizon's responding brief pointed out that Grant's brief did not discuss any conduct attributable to First Horizon regarding the alleged consumer protection violations. First Horizon further argued that even if the undiscussed allegations in the complaint were examined, they were insufficient to support a consumer protection claim. Both defendants argued against retroactive application of the Foreclosure Fairness Act.

Our opinion issued on May 29, 2012. We reversed only the dismissal of Grant's claim for declaratory and injunctive relief. On that issue, we held that the complaint alleged violations of the deed of trust act, chapter 61.24 RCW, sufficient to create a triable issue regarding the defendants' authority to commence foreclosure. "Grant put Quality's authority in question by filing suit to resist the foreclosure, and the question remains unanswered." Grant v. First Horizon Home Loans, noted at 168 Wn. App. 1021, 2012 WL 1920931, at *1, *4, review denied, 176 Wn.2d 1021 (2013).

4

At the same time, we held that the trial court properly dismissed Grant's claim for damages for wrongful foreclosure under the deed of trust act because there was no case law recognizing such a cause of action. Separately, we affirmed the dismissal of all other claims for damages. With regard to the consumer protection claim, we explained that the only allegation of an unfair or deceptive act or practice concerned Quality's issuance of the notice of default. We rejected Grant's effort to show that Quality's conduct was a per se violation under a statute that had not been enacted at the time of the relevant events. We also concluded he had not argued that Quality's alleged misconduct had the capacity to deceive a substantial portion of the public.

> *Violation of CPA* [Consumer Protection Act]
> Grant contends his complaint was adequate to state a claim under the CPA, chapter 19.86 RCW. Although his complaint alleged CPA claims against First Horizon, Stewart Title, and "Defendants," his arguments on appeal pertain only to Quality.
> To prevail on a private CPA claim, a plaintiff must establish (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) a public interest; (4) injury to the plaintiff; and (5) a causal link between the unfair or deceptive act and the injury suffered. The failure to establish any of the five elements is fatal to a CPA claim.
> "Unfair or deceptive act or practice" is not defined by the CPA. It is a question of law whether an alleged act is unfair or deceptive. Consumers may establish an unfair or deceptive act by showing "either that an act or practice 'has a capacity to deceive a substantial portion of the public' or that 'the alleged act constitutes a per se unfair trade practice.'" "Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice misleads or misrepresents something of material importance." Whether an unfair act has the capacity to deceive a substantial portion of the public is a question of fact.
> Grant contends Quality's conduct in issuing the notice of default before it had authority to do so and without proving or even investigating the requisite facts "is deception." He does not argue that this conduct had the capacity to deceive a substantial portion of the public. Instead, Grant attempts to show a "per se" violation

by reference to the 2011 "Foreclosure Fairness Act" amendments to the DTA. These amendments establish a mediation program and require lenders to mediate in good faith. Among other things, lenders must provide "[p]roof that the entity claiming to be the beneficiary is the owner of any promissory note or obligation secured by the deed of trust." Failure to do so is a per se violation of the CPA.

Grant argues the 2011 amendments are retroactive. A statute is presumed to operate prospectively unless the legislature indicates otherwise. This presumption can be overcome only if the legislature explicitly provides for retroactivity, the amendment is curative, or the statute is remedial. Grant contends the amendments apply retroactively because they are remedial.

"'A remedial statute is one which relates to practice, procedures and remedies.'" Such a statute will be applied retroactively "unless it affects a substantive or vested right." But because the 2011 amendments provide a cause of action for the lender's failure to provide documentation that it was not previously required to provide, they affect a substantive right. It would be inappropriate to apply the amendments retroactively.

Because Grant has established neither a per se CPA violation nor the capacity of Quality's conduct to deceive a substantial portion of the public, the trial court properly dismissed the CPA cause of action.

Grant, 2012 WL 1920931, at *7 (footnotes omitted).

Grant moved for reconsideration and for publication. The motion was denied on August 20, 2012. Grant petitioned for review. The Supreme Court denied Grant's petition for review. The mandate from this court issued in April 2013. The case returned to the trial court for further proceedings.

The claim that survived the appeal was Grant's claim for declaratory and injunctive relief, in which he sought to enjoin the foreclosure on the basis that First Horizon and Quality commenced foreclosure proceedings without authority. On remand, First Horizon and Quality moved for summary judgment. They submitted evidence and argument tending to establish their authority to commence foreclosure. They also argued that the claim to enjoin foreclosure

6

under the deed of trust act was moot. So much time had elapsed since the notice of trustee's sale that a sale could no longer be conducted under that notice.

Grant did not resist dismissal of his claim for injunctive and declaratory relief. He argued, though, that he was entitled to proceed on the consumer protection claim set forth in his original complaint due to recent developments in the law, specifically Frias v. Asset Foreclosure Services, Inc., 181 Wn.2d 412, 334 P.3d 529 (2014). Frias holds that under appropriate circumstances, violations of the deed of trust act may be actionable as consumer protection violations "regardless of whether a foreclosure sale has been completed," and that such claims are governed by the ordinary principles applicable to all claims under the Consumer Protection Act. Frias, 181 Wn.2d at 433. Grant argued that the alleged violations of the deed of trust act which this court identified as a potential basis for enjoining the foreclosure, also provided a basis for him to seek consumer protection damages under Frias.

To show that First Horizon and Quality commenced foreclosure without lawful authority, Grant referred to evidence those defendants submitted with their motions for summary judgment. Grant argued that the testimony of the records custodian was inadmissible and conflicted with other evidence. He also argued that it remained unclear who actually held the promissory note at the pertinent time; the promissory note was not secured by the deed of trust because the ownership of the two instruments had become separated; and Quality was not a

7

lawfully appointed trustee because the beneficiary declaration did not comply with RCW 61.24.030(7).

Quality replied that it had issued the notice of default in reliance on a beneficiary declaration executed by the stated beneficiary's lawful agent and that Grant had failed to show this was unlawful. First Horizon replied that under this court's opinion, the damages claims had not been remanded, and even if the consumer protection claim were properly before the trial court, the claim would fail for lack of proof.

The trial court heard oral argument on November 20, 2014. Grant urged the court to let him proceed with the consumer protection claim despite this court's decision that the claim had been properly dismissed. He argued that it would be "inequitable" not to allow him "the benefit of the correct interpretation of the law" announced by the Supreme Court in Frias and several other recent cases, which according to Grant had overruled the reasoning employed by this court in dismissing his consumer protection claim. The colloquy between the trial judge and Grant's attorney set forth Grant's position as follows:

> THE COURT: I take it you're arguing that the decision made by the Court of Appeals was not erroneous at the time given the state of law at the time, but that two years has passed since the Court of Appeals decision and in that time the law has changed in ways that would permit this claim to stand were it brought today; is that correct?
> MR. FISHER: Exactly right. It would be one thing if they dismissed everything, then Mr. Grant would be out of luck. But because the case is still alive Mr. Grant gets the benefit of the subsequent Washington Supreme Court decisions that overrule or are inconsistent with the decision in Grant.

8

The trial court concluded it did not have authority to revive a substantive claim that had been dismissed by this court. The court granted summary judgment to First Horizon and Quality.

Grant appeals. He contends that the superior court erred by failing to give retroactive effect to recent Supreme Court cases involving the Consumer Protection Act.

Grant asserts the fundamental rule of statutory construction that when a statute has been construed by the Supreme Court, that construction operates as if it were originally written into it. Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 506, 198 P.3d 1021 (2009). That rule does not operate to resurrect before the superior court a claim that has previously been dismissed by this court.

RAP 12.2 makes it clear that the ruling in Grant's first appeal, upon issuance of the mandate in April 2013, became "effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court . . . except as provided in rule 2.5(c) (2)." RAP 12.2 is a straightforward application of the law of the case doctrine. The law of the case doctrine stands in part for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation. Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). Applying the law of the case, the trial court correctly ruled it did not have authority to revive the Consumer Protection Act claims when our decision in the first appeal had affirmed the dismissal of those claims.

RAP 12.2 notes the exception to the law of the case doctrine provided in RAP 2.5(c)(2). The exception applies to the appellate courts, not to the superior court:

> **(c) Law of the Case Doctrine Restricted.** The following provisions apply if the same case is again before the appellate court following a remand:
>
> . . . .
>
> (2) *Prior Appellate Court Decision.* The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

RAP 2.5. An appellate court is not obliged to perpetuate its own error, particularly when there has been an intervening change in controlling precedent between trial and appeal. Roberson, 156 Wn.2d at 42. Under RAP 2.5(c)(2), this court may revisit an earlier decision in the same case that is clearly erroneous under current law if the erroneous decision would work a manifest injustice to one party. Roberson, 156 Wn.2d at 42. The use of the term "may" makes application of RAP 2.5(c)(2) discretionary, not mandatory. Roberson, 156 Wn.2d at 42.

Grant's position is as stated by the trial court. He contends the previous Court of Appeals decision "was not erroneous at the time given the state of law at the time," but in the two intervening years, "the law has changed in ways that would permit this claim to stand were it brought today."

Grant contends the analysis this court employed in his first appeal was effectively overruled in Klem v. Washington Mutual Bank, 176 Wn.2d 771, 295 P.3d 1179 (2013). The Supreme Court issued its opinion in Klem in February

10

2013, while Grant's petition for review was pending. In Klem, the facts supporting a consumer protection claim were egregious. Quality Loan Services, acting as trustee for a deed of trust securing the home of an elderly woman suffering from dementia, issued a notice of sale that had been falsified with a predated notary acknowledgement. The falsification facilitated a rapid foreclosure sale of the home for one dollar more than was owed. Klem, 176 Wn.2d at 774.

The Supreme Court rejected an argument that only an act or practice declared "unfair" by the legislature could be "unfair" for purposes of the Consumer Protection Act. The court quoted the leading consumer protection case of Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986).

> In Hangman Ridge, we observed:
> The [first] two elements may be established by a showing that (1) an act or practice which has a capacity to deceive a substantial portion of the public (2) has occurred in the conduct of any trade or commerce. Alternatively, these two elements may be established by a showing that the alleged act constitutes a per se unfair trade practice. A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated.
> Hangman Ridge, 105 Wn.2d at 785-86. Several courts, including the Court of Appeals below, seem to have understood this language to establish the exclusive ways the first two elements of a CPA claim can be established.

Klem, 176 Wn.2d at 784-85. The Klem court discussed how the definitions of "unfair" and "deceptive" have evolved over the years and concluded that "courts, as well as legislatures, must be able to determine

whether an act or practice is unfair or deceptive to fulfill the protective purposes of the CPA":

> To resolve any confusion, we hold that a claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest.
> We note in passing that an act or practice can be unfair without being deceptive.

Klem, 176 Wn.2d at 784-87. Grant contends Klem shows that this court defined too narrowly the conduct that could serve as a predicate for a consumer protection action.

Grant fails to demonstrate that Klem changed the controlling precedent of Hangman Ridge in a way that materially affected his case. That is, he does not establish that his consumer protection claim would have survived the first appeal if Klem had been available as a precedent. Grant's opponents were not attempting to constrain or limit the definition of an unfair or deceptive act or practice. Grant provides no basis for criticizing this court's application of Hangman Ridge, even in hindsight. Given the briefing before this court, Klem would not have changed the analysis.

The next case that Grant contends would make a difference is Frias, decided in 2014. There, the Supreme Court held that under appropriate circumstances, violations of the deed of trust act may be actionable under the Consumer Protection Act regardless of whether a foreclosure sale has been completed, and such claims are governed by the ordinary principles applicable to all claims under the Consumer Protection Act. Frias, 181 Wn.2d at 433.

Grant does not show that Frias would have changed the way this court analyzed the briefs in his first appeal. In Frias, the homeowner's opening brief explicitly argued that violations of the deed of trust act could be actionable as consumer protection violations.[2] Nothing prevented Grant from similarly arguing to this court that by alleging violations of the deed of trust act he was also identifying unfair or deceptive practices that could serve as the basis for recovery of damages and attorney fees under the Consumer Protection Act in the absence of a completed sale. Even after Frias, this court would not be expected to reach out and decide in Grant's favor an argument he did not make in his opening brief. As stated in our first opinion, that brief analyzed the consumer protection act claim in terms of Quality's issuance of the notice of default, not in terms of the additional alleged violations of the deed of trust act that he now wishes to pursue.

For the same reason, it is improbable that we would have come to a different decision in Grant's first appeal if he had been able to cite the other two cases he now points to as offering new protections for homeowners—Bain v. Metropolitan Mortgage Group, Inc., 175 Wn.2d 83, 120, 285 P.3d 34 (2012), decided on August 16, 2012, a few months after our opinion, and Lyons v. U.S. Bank National Ass'n, 181 Wn.2d 775, 336 P.3d 1142 (2014). These cases, like Frias, state that there is no cause of action for damages for wrongful foreclosure, but a consumer protection claim can be maintained for violations of the deed of trust act in a foreclosure proceeding that has not been completed by a sale.

---

[2] Plaintiff's Opening Brief on Questions Certified to the Supreme Court by the U.S. District Court at 23-24, Frias v. Asset Foreclosure Servs. Inc., No. 89343-8 (Wash. Oct. 31, 2013).

13

Notably, Lyons cites a federal case that presaged Bain and Frias: Vawter v. Quality Loan Serv. Corp. of Wash., 707 F. Supp. 2d 1115 (W.D. Wash. 2010). Lyons, 181 Wn.2d at 785. In Vawter, the court considered whether the factual allegations supporting the plaintiff's claim under the deed of trust act supported, as well, the five elements of a claim under the Consumer Protection Act. Vawter, 707 F. Supp. 2d at 1129-30. Vawter was decided on April 22, 2010. Grant cited Vawter in his opening brief to this court filed in May 2011, but only to urge *rejection* of its holding that there is no cause of action for damages for wrongful foreclosure.[3] Grant did not argue that each violation of the deed of trust act that he had itemized could also serve a predicate for a Consumer Protection Act claim.

We conclude that while we have discretion under RAP 2.5(c)(2) to reconsider the dismissal of Grant's consumer protection claim under the law as it exists today, it would not serve the interests of justice to do so. The law defining what constitutes an unfair or deceptive practice under the Consumer Protection Act has not significantly changed since Grant appeared before this court the first time. Hangman Ridge is still good law and a leading case. The recent refinements articulated in Klem and other cases would not have helped Grant

_____

[3] Brief of Appellant at 28-30, Grant v. First Horizon Home Loans, No. 66721-1 (Wash. Ct. App. May 24, 2011).

14

establish the consumer protection claim that Grant presented in his first appeal.[4]

The exception to the law of the case doctrine in RAP 2.5(c)(2) is not intended to give a party a second chance to develop and articulate a theory that was at best inchoate in the first round. "In all of its various formulations the doctrine seeks to promote finality and efficiency in the judicial process." Roberson, 156 Wn.2d at 41, 44. From the beginning, Grant has failed to show that he has a serious consumer protection claim to be litigated. Our previous decision is not clearly erroneous, and bringing this case to an end is not manifestly unjust.

Affirmed.

Becker, J.

WE CONCUR:

___

[4] Grant's reply brief argues that the "necessities of the case," a term used in RAP 2.4(a), require this court to acknowledge that under current law, damages are a form of relief available to him. He cites Akrie v. Grant, 183 Wn.2d 665, 668, 335 P.3d 1087 (2015). In Akrie, the Supreme Court granted affirmative relief from a damage award to respondents who had withdrawn their appeal, quoting RAP 2.4(a)(2) (an appellate court may grant a respondent affirmative relief "'if demanded by the necessities of the case.'") Akrie, 183 Wn.2d at 668. Because Grant is not a respondent, RAP 2.4(a)(2) and Akrie do not bear on our analysis.