

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

*Madsen, C.J.*
CHIEF JUSTICE

This opinion was filed for record

at_____8:00 am___on___Dec 15, 2016

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| JOHN WORTHINGTON, | |
| Petitioner, | NO. 9 3 1 7 3 - 9 |
| v. | EN BANC |
| CITY OF BREMERTON; CITY OF POULSBO; CITY OF PORT ORCHARD; KITSAP COUNTY; STATE OF WASHINGTON; WESTNET AFFILIATE JURISDICTIONS, | |
| | Filed: _____ |
| Respondents. | |

PER CURIAM—When the city of Bremerton, Kitsap County, and other defendants filed a motion to dismiss a civil suit filed by pro se litigant John Worthington, he responded by filing a special motion to strike under the Washington Act Limiting Strategic Lawsuits Against Public Participation (anti-SLAPP statute), RCW 4.24.525(4). The trial court denied the motion, and in accordance with RCW 4.24.525(6)(b), it imposed financial sanctions on Worthington on the basis that his anti-SLAPP motion was frivolous. Although the Court of Appeals acknowledged

that this court invalidated the anti-SLAPP statute in its entirety on constitutional grounds in *Davis v. Cox*, 183 Wn.2d 269, 351 P.3d 862 (2015), it still affirmed the trial court's decision. Because Worthington's appeal was still pending when we issued our controlling decision in *Davis*, we reverse the Court of Appeals on this issue and vacate the statutory sanctions.

Worthington has been submitting public records requests to Kitsap County and other government entities for nearly a decade in relation to what he describes as a 2007 drug enforcement raid on his residence. He has also filed a number of lawsuits alleging Public Records Act (PRA), chapter 42.56 RCW, violations in the responses to his requests. *See Worthington v. WestNET*, 182 Wn.2d 500, 341 P.3d 995 (2015). In 2014, Worthington, acting pro se, filed an action against Kitsap County and other governmental entities, mainly asserting violations of the PRA.

Kitsap County moved to dismiss Worthington's action under CR 12(b)(6) and sought sanctions under CR 11. Worthington responded with an anti-SLAPP special motion to strike. *See* RCW 4.24.525(4). The county urged the trial court to deny the anti-SLAPP motion as frivolous and to award it costs, reasonable attorney fees, and $10,000 in statutory damages. *See* RCW 4.24.525(6)(b) (target of anti-SLAPP motion may be awarded to costs, attorney fees, and $10,000 if trial court finds motion to be frivolous).

In May 2014, the trial court granted the county's motion to dismiss and awarded it $5,000 in CR 11 sanctions. By separate order, the trial court found Worthington's anti-SLAPP motion to be frivolous and awarded the county $2,400 in costs and $10,000 in statutory damages in accordance with RCW 4.24.525.

Worthington appealed on multiple grounds. The Court of Appeals affirmed in all respects. As to the anti-SLAPP issue, the court acknowledged that while

Worthington's appeal was pending, we held that the special motion to strike procedure authorized under RCW 4.24.525(4)(b) violates the right to a jury trial guaranteed by article I, section 21 of the Washington Constitution. *Davis*, 183 Wn.2d at 294. But the court reasoned that the trial court properly denied Worthington's anti-SLAPP motion and sanctioned him under the statute because Worthington's case preceded our decision in *Davis. Worthington v. City of Bremerton*, No. 46364-4-II, slip op. at 11 n.11 (Wash. Ct. App. Apr. 12, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/46364-4.16.pdf.

Worthington subsequently filed a petition for review on several grounds, including the imposition of monetary sanctions. Although he does not cite RCW 4.24.525(6)(b), his argument implicates the propriety of imposing sanctions under that provision. We now grant review as to that issue only and reverse.

We invalidated RCW 4.24.525 in its entirety while Worthington's appeal was pending, which the Court of Appeals acknowledged. *See Davis*, 183 Wn.2d at 294-95. Our decision in *Davis* was thus controlling on the validity of the trial court's imposition of sanctions under that unconstitutional statute. Illustratively, this court reversed and vacated RCW 4.24.525 anti-SLAPP penalties imposed on a party that withdrew its appeal in a case that was pending when *Davis* was decided. *Akrie v. Grant*, 183 Wn.2d 665, 668, 355 P.3d 1087 (2015). As we there noted, "basic fairness demands that we not sustain a penalty imposed pursuant to a statute we have held unconstitutional." *Id.* Here, the record shows that the trial court imposed sanctions on Worthington for filing a frivolous anti-SLAPP motion. RCW 4.24.525(6)(b). These sanctions are no longer valid under *Davis. See Akrie*, 183 Wn.2d at 668. Financial

penalties imposed on Worthington under RCW 4.24.525(6)(b) must therefore be vacated.[1]

The Court of Appeals is reversed solely on the issue of financial penalties under RCW 4.24.525, and the case is remanded to the trial court for further proceedings consistent with this opinion.

---

[1] The trial court's denial of Worthington's anti-SLAPP special motion to strike is unaffected, since the statute is invalid in its entirety. *See Davis*, 183 Wn.2d at 294-95 (unconstitutional portion of RCW 4.24.525 could not be severed from its remaining provisions, thus rending entire statute invalid).