## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARYA HOLDINGS, LTD, | No. 52955-6-II |
| Appellant, | |
| v. | |
| EASTSIDE FUNDING, LLC, | |
| Respondent. | |
| GREG DALY, G HOLDING LTD., LLC, HOOF INVESTMENTS, LLC, and 626 WEST MAIN STREET, LLC, | UNPUBLISHED OPINION |
| Defendants. | |

WORSWICK, J. — Arya Holdings appeals an order denying its motion to vacate an order dismissing its lawsuit against Eastside Funding, LLC. Arya had filed suit against Greg Daly[1] and Eastside to recover money and/or title to properties that Arya alleged Daly improperly purchased for himself with Arya's funds. Arya subsequently entered into a settlement agreement with Daly in which Arya agreed to enter into a stipulated order of dismissal dismissing its claims

---

[1] The complaint names additional parties, alleging "G Holding Ltd., LLC, Hoof Investments, LLC, and 626 West Main Street, LLC are all Washington corporations wholly owned by Greg Daly." We refer to Daly and these entities collectively as "Daly." Daly is not party to this appeal.

against Daly and Eastside upon Daly's promise to, among other things, pay Arya $45,000 within 120 days of the agreement. Based on this settlement, the superior court entered an agreed order dismissing the entire case. Daly failed to pay Arya the negotiated $45,000, and instead, filed Chapter 7 bankruptcy. Arya then moved to vacate the order of dismissal and pursue its original claims only as to Eastside. The superior court denied Arya's motion to vacate. Arya now appeals arguing that principles of fairness require the vacation of the dismissal. We disagree and affirm.

FACTS

Daly was a principle of Arya. In 2015, Arya filed suit against Daly and Eastside to recover money and/or title to properties that Arya alleged Daly improperly purchased for himself with Arya's funds. Arya also alleged that Eastside improperly processed the transactions for the properties. Arya also recorded a lis pendens against the properties. Eastside filed a cross-claim against Daly for indemnification. Arya and Daly entered into a CR 2A settlement agreement on July 5, 2016, in which Daly agreed to pay $45,000 to Arya within 120 days of the agreement. Arya agreed to release any and all claims against all parties and to release the lis pendens against the properties identified in the lawsuit. The agreement was contingent upon Daly entering into a separate settlement agreement with Eastside. Eastside was not a party to the CR 2A agreement.

On July 16, 2016, Arya filed a release of lis pendens with the Pierce County Auditor's Office stating that Arya had dismissed the corresponding superior court case with prejudice and had "forever released all claims set forth therein." Clerk's Papers (CP) at 51. Arya executed a comprehensive release of its claims against Eastside, which stated, "This Release is

2

unconditional and immediately effective upon execution hereof." CP at 53. Eastside and Daly negotiated a separate settlement agreement between themselves, which was contingent upon Arya's claims against Eastside being dismissed with prejudice. The agreement between Eastside and Daly included concessions for the benefit of Daly. On July 18, 2016, the superior court entered a stipulated order dismissing the entire case with prejudice.

Daly never paid Arya the $45,000. On November 29, 2016, Arya filed a motion to vacate the order of dismissal based on Daly's failure to perform the settlement terms. Shortly thereafter, Daly filed Chapter 7 bankruptcy. On January 25, 2017, Arya filed an amended motion to vacate the order of dismissal only as to Eastside. Arya took no action on the motion while Daly's bankruptcy action was pending. In September 2018, Arya obtained an order to show cause as to why the order dismissing Arya's case against Eastside should not be vacated, citing CR 60(b)(11).[2] Following a hearing, the superior court denied Arya's motion to vacate.

Arya appeals.

ANALYSIS

Arya argues that the superior court abused its discretion by denying its motion to vacate the order of dismissal as to Eastside because it is "fundamentally unfair to enforce the dismissal" when Daly failed to pay Arya. Br. of Appellant at 6. We disagree.

CR 60(b) permits a trial court to relieve a party from a final judgment, order, or proceeding for one of 11 stated reasons. Under CR 60(b)(11), a party may obtain relief from a judgment and order for "[a]ny other reason justifying relief from the operation of the judgment."

---

[2] Arya actually cited "CR 60(11)." CP at 85.

3

CR 60(b)(11) is reserved for situations involving extraordinary circumstances not covered by any other section of CR 60(b). *Shandola v. Henry*, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). A motion under CR 60(b)(11) must be filed within "a reasonable time." CR 60(b)(11).

We review a trial court's ruling under CR 60(b) for an abuse of discretion. *Morris v. Palouse River & Coulee City R.R., Inc.*, 149 Wn. App. 366, 370, 203 P.3d 1069 (2009). A trial court abuses its discretion if its decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons. *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018).

Arya focuses its argument on whether its agreement with Daly constituted an executory accord or a substitute contract. Arya contends that the settlement constituted an executory accord and therefore, Daly's failure to pay breached the settlement and Arya should be entitled to pursue its original claims. Arya relies exclusively on *Rosen v. Ascentry Technologies, Inc.*, as support for his argument, but *Rosen* is legally and factually distinguishable from this case. 143 Wn. App. 364, 177 P.3d 765 (2008). Most importantly, *Rosen* involved a motion for summary judgment on a case that had never been dismissed. 143 Wn. App. at 368. In contrast, this case involves a CR 60(b)(11) motion to vacate an order of dismissal with prejudice, which requires the moving party to show that extraordinary circumstances justify relief from judgment. Regardless of whether the agreement here was an executory accord or substitute contract, the primary question before our court is whether Daly's failure to perform constituted extraordinary circumstances warranting vacation of the dismissal order under CR 60(b)(11).

Arya fails to demonstrate that such extraordinary circumstances exist in this case. The CR 2A agreement provided for dismissal of Arya's case in exchange for Daly's promise to pay. The agreement did not make dismissal contingent upon receipt of the payment. That Arya's agreement to dismiss its claims was conditioned upon Daly's promise rather than Daly's performance is further evidenced by the fact that Arya executed the "unconditional and immediately effective" release of its claims against Eastside long before Daly's $45,000 settlement payment became due. CP at 53. The only contingency identified in the agreement was Daly entering into a separate agreement with Eastside, which occurred. This is a sharp contrast to the agreement in *Rosen* wherein Rosen agreed to file an order of dismissal with prejudice within three days of *receipt* of the settlement payment. *Rosen*, 143 Wn. App. at 367. Rosen never received the settlement payment, and he never moved to dismiss the lawsuit. *Rosen*, 143 Wn.2d at 368. That Arya accepted an unsecured promise to pay as part of the settlement agreement, and Daly subsequently failed to make good on that promise, does not constitute an extraordinary circumstance warranting the resurrection of claims against a third party who separately negotiated its own settlement with Daly, which was contingent upon Arya dismissing the lawsuit.

We hold that the trial court did not abuse its discretion by concluding that Arya failed to show extraordinary circumstances warranting relief under CR 60(b)(11).[3]

---

[3] Eastside also argues in response that Arya's CR 60(b)(11) motion was not brought within a reasonable time. Because we hold that Arya fails to show extraordinary circumstances exist warranting relief under CR 60(b)(11), we do not reach this issue.

No. 52955-6-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

_____
Lee, C.J.

_____
Sutton, J.