# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| GARY L. MCGREAL and JESSICA MCGREAL, | No.  53827-0-II |
| Appellants, | |
| v. | |
| PEAK FORECLOSURE SERVICES OF WASHINGTON, INC., LILIAN SOLANO (Trustee Sales Officer); JONNY DAHINTON (Trustee Sales Officer); SHELLPOINT MORTGAGE SERVICING, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, as TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-40T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-40T1, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, J. — Gary and Jessica McGreal (the McGreals) appeal the denial of their motion to vacate a summary judgment order under CR 60(b)(1).  The McGreals argue that the trial court erred when it entered the order denying their motion to vacate.  We find no error and affirm.

FACTS

In 1998, Gary and Jessica McGreal purchased a property in Kitsap County. In 2006, the McGreals obtained a loan from Countrywide Home Loans Inc., to refinance the property. The loan was secured by a deed of trust recorded against the property. Countrywide was acquired by Bank of America in 2008.

Around May 2011, the McGreals stopped making payments on the loan. In July 2011, Bank of America sent two letters that informed the McGreals that they were in default. Bank of America assigned its interest in the deed of trust to The Bank of New York Mellon (BNYM) in October 2011.

In July 2012, Bank of America sent the McGreals a letter entitled "Important Rights for Homeowners," which included a notice advising the recipients they had 30 days to respond or else "a notice of default may be issued and you may lose your home in foreclosure." Suppl. Clerk's Papers (CP) at 532-35. A subsidiary of Bank of America continued to service the loan until 2013 when it was transferred to Resurgent Mortgage Servicing of Greenville, SC. Resurgent sent the McGreals a second notice entitled "Important Rights for Homeowners" in July 2013, which included the same notice as the July 12 letter, including explaining how to request a meeting with BNYM or BNYM's servicer. Resurgent was then acquired by Shellpoint Mortgage Servicing Inc., a respondent in this case.

In August and November of 2013, Shellpoint employees visited the property but posted notices on the front door of the property because they were unable to contact the McGreals. Between July 2013 and April 2014, Shellpoint made more than a dozen attempts to contact the

McGreals by phone. In January 2014, BNYM appointed Peak Foreclosure Services, a respondent in this case, as successor trustee.

In September 2014, BNYM and Peak initiated a nonjudicial foreclosure on the property. Peak first sent a notice of default. Then, in October 2014, Peak sent a Notice of Trustee's Sale.

In April 2015, the property was sold to BDH Holdings Inc. That same month, the McGreals sued Peak Foreclosure, Shellpoint, BNYM, and Lilian Solano and Jonny Dahinton, the trustee sales officers.[1] In June 2016, the McGreals filed a second amended complaint, which alleged three causes of action: failure to follow statutory foreclosure process, failure of trustee to act in good faith, and violations of consumer protection act. The McGreals claimed they did not receive a notice of preforeclosure options required under RCW 61.24.031(5).[2]

In September 2015, all the defendants below moved to dismiss under CR 12(b)(6). In January 2016, the trial court granted the motion to dismiss as to Lilian Solano and Jonny Dahinton only. In December 2017, BNYM and the other defendants below moved for summary judgment. In their response to BNYM's motion for summary judgment, the McGreals filed a response, arguing that they did not receive proper preforeclosure notice and citing "RCW 61.24.031(c)." CP at 260.

---

[1] The McGreals have been pro se throughout their suits against respondents. Their prayer for relief from their original 2015 complaint asked the court for an injunction to stop the foreclosure, but it was not a request for a temporary restraining order.

[2] RCW 61.24.031(5) permits issuance of a notice of default when a borrower has been contacted with a statutorily required letter of preforeclosure options and where the lender has failed to meet with the borrower despite the lender's statutorily defined due diligence.

The trial court held a hearing on the summary judgment motion in May 2018. Gary McGreal argued that BNYM had not met its preforeclosure due diligence requirements required by statute. The trial court asked Gary[3] to point out the controlling statute. Gary stated, "I think it's RCW 61.24.031(5)(a)." VRP (May 25, 2018) at 19. Counsel for BNYM correctly interjected that RCW 61.24.031(5) controls notice of default, not preforeclosure notices. Counsel for BNYM provided the court with a copy of the statute, which the court then read from verbatim. The court read RCW 61.24.031(5) aloud. The court then explained to Gary what the statute meant and what it required. The court then listed all the letters the McGreals received, as described above.

The trial court granted summary judgment against the McGreals in favor of BNYM and each of the defendants for all claims. The McGreals did not appeal. In May 2019, the McGreals filed a timely motion to vacate summary judgment under CR 60(b)(1).[4] In their motion to vacate, the McGreals stated, "In my Response to Defendants' Motion for Summary Judgment I had quoted the [Notice of Preforeclosure Options] as RCW 61.24.031(c). This was a typo and should have read RCW 61.24.031(1)(c). . . . This case should not have been awarded against the Plaintiffs based on an irrelevant clerical error."[5] CP at 253-54.

---

[3] We use Gary McGreal's first name for clarity, intending no disrespect.

[4] CR 60(b)(1) allows a court to relieve a party from a final order for mistake, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order.

[5] RCW 61.24.031(1)(c) mandates the language of preforeclosure notices.

The trial court denied the McGreals' motion to vacate, explaining, "Contrary to Plaintiffs' assertion, Plaintiffs' own typographical error played no role in the Court's granting of Defendants' Motion for Summary Judgment, and further, Plaintiffs fail to offer any facts, law, or argument that would be appropriate grounds to vacate the May 25th Order." Suppl. CP at 730.

The McGreals appeal.

## ANALYSIS

The only decision the McGreals appealed was the trial court's order denying their motion to vacate under CR 60(b). The McGreals argue that the trial court erred and committed an abuse of discretion when it denied their motion to vacate. The McGreals then reallege the arguments they raised to contest summary judgment below. Because the McGreals do not support their argument on the motion to vacate, and because they attempt to impermissibly challenge the underlying judgment on appeal, we hold that the McGreals failed to meet their burden for relief from judgment. Accordingly, we find no error and affirm.

The decision to grant or deny a CR 60(b) motion to vacate is within the trial court's discretion. *Winter v. Dep't of Soc. & Health Servs.*, 12 Wn. App. 2d 815, 829, 460 P.3d 667, review denied, 196 Wn.2d 1025 (2020). We therefore review the trial court's decision for an abuse of discretion. *Shandola v. Henry*, 198 Wn. App. 889, 896, 396 P.3d 395 (2017). We will not disturb the trial court's decision absent a clear showing that the decision was based on untenable grounds for untenable reasons. *Winter*, 12 Wn. App. 2d at 829.

CR 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . .

[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." However, "A CR 60(b) motion is not a substitute for appeal and does not allow a litigant to challenge the underlying judgment." *Winter*, 12 Wn. App. 2d at 830. Only the propriety of the denial of the motion to vacate is before us, and moving to vacate and appealing the denial of that motion cannot restore an unappealed final judgment to an appellate track. *Winter*, 12 Wn. App. 2d at 830; *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). Absent a statute providing otherwise, a notice of appeal must be filed in the trial court within 30 days after the entry of the decision of the trial court. RAP 5.2(a), (d).

The trial court awarded BNYM summary judgment in May 2018. The McGreals filed no appeal. Thus, we may not consider the McGreals' arguments regarding the foreclosure process. Stripping those away from the McGreals' brief, we are left with three conclusory sentences stating that the trial court abused its discretion.

The McGreals do not offer any law, facts, or argument to support their contention. A review of the record shows that the trial court exhibited a reasoned understanding and explanation of the statute McGreal cited incorrectly. The record shows that the trial court applied the correct statute, RCW 61.24.031. At the summary judgment hearing, the court read from the statute and went on to explain to the McGreals how the statute applies in practice.

The McGreals make no showing, and there is nothing in the record on appeal that shows the trial court based its decision to deny the motion to vacate on untenable grounds. The McGreals' typographical error did not impact the trial court's decision on summary judgment.

No. 53827-0-II

Thus, we hold that the trial court did not abuse its discretion when it denied the McGreals' motion to vacate under CR 60(b)(1). Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Veljacic, J.

7