# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| NATHAN BARTON, | No. 60112-5-II |
| Appellant, | |
| v. | |
| 4M COLLECTIONS, LLC; and JOHN DOES 1-10, | UNPUBLISHED OPINION |
| Respondents. | |

GLASGOW, J.—4M Collections Inc., d/b/a Solverity Servicing LLC (Solverity), is a debt collector who contacted Nathen Barton in an attempt to collect approximately $390 in medical debt. Barton initially disputed the debt but later paid it. Barton then served Solverity with an unfiled summons and complaint claiming that Solverity violated the Fair Debt Collection Practices Act by attempting to collect a debt that was not owed. Solverity responded with a letter sent via certified mail, but Barton maintains that he never received the letter.

Barton then filed the complaint, initiating this suit against Solverity. Barton told the court that Solverity had not contacted him since receiving the complaint. Solverity failed to appear or file an answer, and Barton obtained a default judgment. Barton attempted to collect the judgment over a year later. Solverity promptly moved to vacate the default judgment and the court granted the motion based on its finding that Barton falsely told the court that Solverity had not contacted him after receiving the summons and complaint.

Barton appeals, arguing that the court abused its discretion when it vacated the default judgment under CR 60(b)(4) and (11). We disagree and affirm.

FACTS

I. BACKGROUND

In April 2022, Barton's child received emergency medical care and incurred approximately $390 in charges that were not covered by Barton's insurance. Solverity attempted to collect the $390 and Barton asked for verification of the debt. In response, Solverity sent him a billing summary reflecting that the service provider wrote off the delinquent amount on its own books in October 2022 and transferred the debt to collections. Barton disputed the debt based on another line in the summary reflecting that after the adjustment, Barton owed $0.00 to the service provider. Barton later paid the disputed amount to Solverity, plus a small amount of interest.

II. SERVICE OF UNFILED COMPLAINT

The next month, Barton served Solverity with an unfiled summons and complaint. In his complaint, Barton claimed that Solverity violated the Fair Debt Collection Practices Act by attempting to collect a debt that was not owed and using other unlawful debt collection practices. The complaint included a screenshot of the billing summary reflecting the $0.00 balance, but not the line item reflecting the delinquent adjustment. The summons included standard language warning the defendant that a default judgment could be entered against it if the defendant failed to appear or defend against the lawsuit. The summons also explained that the defendant could demand that the plaintiff file the complaint.

Solverity responded with a letter sent via certified mail, but Barton maintains that he never received the letter. In the letter, Solverity acknowledged receiving the unfiled complaint, but

referred to it as a "draft complaint" sent "to further explain the nature of [Barton's] dispute and confusion." Clerk's Papers (CP) at 69. Solverity wrote that the letter was intended "to provide [Barton] with explanation" in an attempt to "resolve the concerns raised in [Barton's] correspondence." CP at 69.

Solverity's letter acknowledged Barton's dispute based on the $0.00 balance line, but explained that the $0.00 balance line "d[id] not mean the amount [wa]s no longer due and owing, it [wa]s simply transferred to a bad debt collection agency to collect the outstanding amount." CP at 70. The letter acknowledged that Barton already paid the contested amount and concluded, "I hope this helps clarify your confusion and concern you have with your previous disputes. Should you have additional questions we'll be happy to provide additional information." *Id.* The record reflects that the letter was hand delivered to Barton's address via certified mail.

### III. DEFAULT JUDGMENT

Barton then filed the complaint, initiating this suit against Solverity. Solverity failed to appear or file an answer. Barton moved for default and declared that Solverity's own records showed no debt was owed. Barton argued he was entitled to a default judgment because Solverity "ha[d] not entered an appearance, filed an answer, contacted Barton, or made any attempt to defend against this action." CP at 47. Barton omitted Solverity's explanation that the debt had been transferred and was still owed.

After a hearing that was not transcribed for our consideration, the court entered a default judgment against Solverity for approximately $1,740. Barton attempted to collect the judgment over a year later, preventing Solverity from seeking to have the judgment vacated under CR 60(b)(1), which is subject to a one-year time limit and allows a judgment to be vacated for mistake

or irregularity, among other things. According to Solverity, Barton walked into its office and "bragged that he does this all the time and that it is very difficult to get the judgments overturned." CP at 57.

Solverity moved to vacate the default judgment and the motion was heard by the same judge who granted the default. Solverity argued that the court should vacate the judgment because Barton engaged in fraud, misrepresentation, and misconduct to obtain the default judgment. Solverity filed declarations and attached the letter and tracking information showing it responded to the complaint with a letter hand-delivered to Barton's address via certified mail. Solverity also attached the full balance sheet showing the line item that reflected the delinquent adjustment, and it argued that Barton deceptively omitted that information from earlier filings to obtain the default. Solverity's president declared that Solverity "would have opposed the filings" if it had known the complaint and summons were ever filed, but "[t]he circumstances . . . lulled [Solverity] into thinking that [Barton] was not going to pursue the lawsuit, much less seek a default judgment, without further communicating" to Solverity that he was seeking a judgment against it. CP at 92.

The court granted Solverity's motion and vacated the default judgment. In its oral ruling, the trial court explained that it was vacating the default judgment under CR 60(b)(4) based on its finding that Barton "didn't have full candor" with the court when he "did not represent to this court accurately that the defendant responded to [the] summons and complaint." Verbatim Rep. of Proc. (VRP) at 16. The court also granted the motion on the alternative ground that justice required the default to be vacated under CR 60(b)(11), based on its finding that Barton lacked candor with the court, and that it would be inequitable to enforce the default judgment under the circumstances.

4

Barton unsuccessfully moved for reconsideration and in an attached declaration, he asserted for the first time that he never received the letter Solverity sent him in response to his complaint.

Barton appeals.

ANALYSIS

ORDER VACATING DEFAULT JUDGMENT

Barton argues that the trial court abused its discretion by vacating the default judgment against Solverity. We disagree.

Default judgments are generally disfavored because "[w]e prefer to give parties their day in court and have controversies determined on their merits." *Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956 (2007). "A proceeding to vacate or set aside a default judgment is equitable in its character, and the relief sought or afforded is to be administered in accordance with equitable principles and terms." *Id.* Thus, our "fundamental principle" in reviewing a motion to set aside a default judgment is "'whether or not justice is being done.'" *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007) (internal quotation marks omitted) (quoting *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 582, 599 P.2d 1289 (1979)). "This system is flexible because '[w]hat is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.'" *Id.* at 703 (internal quotation marks omitted) (alteration in original) (quoting *Griggs,* 92 Wn.2d at 582).

We review a trial court's ruling on a motion to vacate a default judgment for abuse of discretion. *Id.* at 702.[1] A trial court abuses its discretion when its decision is based on untenable

---

[1] Barton argues we should review the ruling de novo because the underlying facts are not in dispute. Br. of Appellant at 16. But he has always asserted that he had no knowledge of the Solverity letter,

grounds or untenable reasons. *Morin*, 160 Wn.2d at 753. The trial court's factual findings are reviewed for substantial evidence and we do not reweigh evidence or revisit credibility determinations. *In re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 406-07, 505 P.3d 1218 (2022). Unchallenged findings are verities on appeal. *Id.* at 407. Because policy favors resolving cases on the merits, an "[a]buse of discretion is less likely to be found if the default judgment is set aside" than if the court *denies* a motion to set aside the default judgment. *Griggs,* 92 Wn.2d at 582.

A trial court may enter or vacate a default judgment under certain circumstances dictated by CR 55. CR 55(c) authorizes a trial court to set aside a default judgment in accordance with CR 60(b). Relevant here, CR 60(b)(4) authorizes courts to set aside default judgments based on the adverse party's "[f]raud . . . , misrepresentation, or other misconduct." Additionally, CR 60(b)(11) permits setting aside a default judgment for "[a]ny other reason justifying relief."

Here, the trial court explained that it was vacating the default judgment under CR 60(b)(4) based on its finding that Barton "didn't have full candor" with the court when he "did not represent to this court accurately that the defendant responded to [the] summons and complaint." VRP at 16. Barton does not specifically argue these findings are unsupported by substantial evidence, but he asserts in his appellate brief that he never received the Solverity letter which if true, would imply that he was not intentionally misrepresenting the facts when he said Solverity had not contacted him.

As Solverity points out, Barton did not timely raise this argument before the trial court—the record reflects that Barton first made this assertion in a declaration in support of his motion for

---

essentially disputing the underlying fact that he knowingly failed to disclose the letter to the trial court. Thus, the underlying facts are in dispute and we review the ruling for an abuse of discretion.

reconsideration of the order vacating the default judgment. Even if we assume the claim he never received the letter was timely and properly preserved, the court's findings were based at least in part on a credibility determination because although Barton told the court in writing that Solverity had not contacted him, this was contradicted by the letter and confirmation of delivery. We do not reweigh the evidence and do not revisit credibility issues, and this was essentially a finding that Barton was not credible when he told the court that Solverity did not contact him. Thus, we treat this finding as a verity for purposes of this appeal.

By way of legal error, Barton argues that the trial court failed to perform the correct analysis because it did not find that Barton committed fraud by clear and convincing evidence. It is true that findings and conclusions establishing the nine elements of fraud can support vacating a judgment under CR 60(b)(4), but a trial court "can also vacate based on misrepresentations or other misconduct without entering such findings." *Bresnahan*, 21 Wn. App. 2d at 406. And here, the trial court had discretion to vacate the default judgment based on its finding that Barton lacked candor and misrepresented material facts. CR 60(b)(4).

Additionally, Barton argues that default was warranted regardless of whether he received Solverity's postcomplaint letter because the letter fails to amount to an informal appearance that would have required him to give Solverity notice of his default motion. We disagree because whether the letter constitutes an appearance is irrelevant. The trial court's reasoning under CR 60(b)(4) is sound regardless of the legal effect of the letter itself—CR 60(b)(4) is aimed at judgments unfairly obtained, not at incorrect judgments. *Bresnahan*, 21 Wn. App. 2d at 406. Here, the trial court vacated the default judgment based not on the content of the letter but based on its finding that Barton was not forthright with the court, as was his duty. As we note above, the

standard of review is deferential given that proceedings to vacate default orders are equitable and focused on fairness. *See Morin*, 160 Wn.2d at 748, 754-55 (treating equity as an independent basis for reversal of a default judgment separate from failure to provide notice to a party entitled to notice); *Little,* 160 Wn.2d at 704; *Griggs,* 92 Wn.2d at 582. Defaults are disfavored and our Supreme Court has endorsed a flexible approach. *Morin*, 160 Wn.2d at 754; *Little,* 160 Wn.2d at 703; *Griggs,* 92 Wn.2d at 582. Thus, Barton has not shown that the trial court abused its discretion in vacating the default judgment under 60(b)(4), and we need not determine whether the postcomplaint letter gave rise to a duty to inform Solverity about the default motion.

The trial court also relied on CR 60(b)(11) to vacate the default. We acknowledge that this provision is "intended to serve the ends of justice in extreme, unexpected situations and when no other subsection of CR 60(b) applies." *Shandola v. Henry*, 198 Wn. App. 889, 895, 396 P.3d 395 (2017); *see also In re Dependency of A.G.L.,* 32 Wn. App. 2d 787, 805, 561 P.3d 277 (2024) (applying *Shandola* in the default judgment context). Barton argues that the court abused its discretion under CR 60(b)(11) because deliberately waiting more than a year to collect a judgment is not an unfair or deceptive practice. But as Solverity points out, the trial court made a specific finding that Barton lacked candor with the court, and that it would not be equitable to let the default judgment stand under the circumstances. In light of these findings, CR 60(b)(11) was an additional avenue to an equitable result, and Barton has not met his burden to show otherwise in this appeal.

We therefore affirm the order vacating the default judgment.

CONCLUSION

We affirm.

No. 60112-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, C.J.

PRICE, J.