# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| NORTH COAST ELECTRIC COMPANY, a Washington corporation, | No. 47618-5-II |
| Appellant, | |
| v. | |
| SIGNAL ELECTRIC, INC., a Washington corporation; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a foreign corporation, | PUBLISHED OPINION |
| Respondents. | |

LEE, J. — North Coast Electric Company (North Coast) appeals the superior court's denial of its motion for attorney fees under CR 54(d)(2). North Coast argues that the superior court erred in concluding North Coast filed its motion for attorney fees after the 10-day limit because it made the motion for the attorney fees in its motion for summary judgment.

We hold that North Coast's request for attorney fees and costs in its motion for summary judgment complied with CR 54(d)(2). Therefore, we reverse the superior court's denial of North Coast's motion for attorney fees and remand this case for the superior court to consider the motion on the merits.[1]

---

[1] North Coast also argues that the superior court erred because (1) the superior court's December 9, 2014 order on its motion for summary judgment was not a "judgment," and, therefore, the 10-day limit did not start on December 9; (2) the December 9 order was not a "final" judgment or resolution of the parties' claims; and (3) the superior court's April 24, 2015 order was a formal judgment and thereby created an independent opportunity for North Coast to file a motion for

FACTS

North Coast is an electrical supplier that contracted with Signal Electric, Inc. (Signal), an electrical contractor. Signal was hired for a public works project on the Tacoma Narrows Bridge and, in June 2010, contracted with North Coast to provide the electrical equipment and materials. Signal was bonded by Fidelity and Deposit Company of Maryland (Fidelity).

In February 2011, Signal filed for bankruptcy, and Fidelity stepped in as surety. As a result of the bankruptcy, Signal failed to pay North Coast for the equipment and materials it had supplied. On January 21, 2014, North Coast filed suit against Signal and Fidelity to recover payment for the goods provided but not paid for.[2] The suit sought declaratory relief against Signal, action on the payment and retainage bonds Fidelity had executed, and attorney fees. Fidelity responded to the complaint, admitting parts, denying parts, and raising several affirmative defenses.

On August 14, 2014, North Coast filed a "Motion for Full or Partial Summary Judgment." Clerk's Papers (CP) at 11. The relief North Coast sought included:

> 1.　　Awarding North Coast summary judgment on its *prima facie* claim in the principal amount of $301,851.49, plus interest on that amount at the rate of 12 percent per annum from March 10, 2011 until paid;
>
> 2.　　Awarding North Coast summary judgment on each of Defendant's defenses;

attorney fees at that time. In the alternative, North Coast argues that if this court holds the superior court did not err in interpreting CR 54(d)(2), then the superior court abused its discretion in refusing to accept North Coast's motion because Fidelity could not show it was prejudiced. North Coast also argues, in the alternative, that it is not required to show "excusable neglect," but that it has made such a showing, regardless. Br. of Appellant at 31. Because we reverse the superior court's denial of North Coast's attorney fees on other grounds, we do not reach these arguments.

[2] North Coast was granted an order for relief from the automatic stay from the bankruptcy court to file this suit.

3.      Awarding North Coast its costs and reasonable attorney's fees incurred in collecting the amount due in an amount to be determined in further proceedings; and

4.      Alternatively awarding North Coast such lesser orders of summary judgment or other relief as may be appropriate.

CP at 11-12.  The argument portion of North Coast's memorandum in support of its motion for summary judgment included two parts: the first argued North Coast's prima facie claim was undisputed and the second refuted the affirmative defenses.  Under its prima facie claim arguments, North Coast argued that it was entitled to attorney fees and stated that "North Coast's right to recover fees under RCW 39.08.010 and RCW 60.28.030 is indisputable and it will be the ultimate prevailing party even if Fidelity prevails on its partial defense."[3]  CP at 16.

Fidelity opposed the motion for summary judgment, disputing the principal amount owed and arguing that North Coast had supplied Signal with nonconforming goods.  Fidelity did not respond to North Coast's assertion of entitlement to attorney fees.

---

[3] RCW 39.08.010 states, in pertinent part:

(3) On contracts of thirty-five thousand dollars or less, at the option of the contractor the respective public entity may, in lieu of the bond, retain fifty percent of the contract amount for a period of thirty days after date of final acceptance, or until receipt of all necessary releases from the department of revenue, the employment security department, and the department of labor and industries and settlement of any liens filed under chapter 60.28 RCW, whichever is later.

RCW 60.28.030 states, in pertinent part, "In any action brought to enforce the lien, the claimant, if he or she prevails, is entitled to recover, in addition to all other costs, attorney fees in such sum as the court finds reasonable."

On December 9, 2014, the superior court filed an order captioned, "Order Granting Plaintiff's Motion for Summary Judgment." CP at 135. The December 9 order states in its entirety:

> This matter, having come before the Court on Plaintiff's Motion for Summary Judgment, the Court having considered argument, the records and file;
>
> IT IS HEREBY ORDERED that Plaintiff's motion for Summary Judgment is granted. North Coast is awarding [sic] its *prima facie* claim in the principal amount of $301,851.49, plus interest on that amount at the rate of 12 percent per annum from March 10, 2011[,] until paid.
>
> DATED this 9th day of December, 2014.

CP at 135.

On December 19, Fidelity moved for reconsideration. Fidelity's motion for reconsideration was denied on January 22, 2015.

On February 9, 2015, North Coast filed "Plaintiff's Motion for an Award of Costs and Fees." CP at 164. The motion delineated the amount of costs and attorney fees requested, along with a declaration and documents supporting the calculation of the amounts.

On April 22, Fidelity filed its response in opposition to North Coast's February 9 motion. Fidelity argued that North Coast's motion was untimely under CR 54(d)(2) and that the fees and costs requested were excessive and unable to be reconciled with the billing invoices.

Argument on the attorney fees issue was heard on April 24, and on that same day, the superior court filed a judgment. The judgment summary named North Coast as the creditor and Fidelity as the debtor, with the principal amount of the judgment reflecting the amount stated in the December 9 order. The judgment reserved ruling on the issue of attorney fees and costs.

The parties submitted additional briefing to the superior court regarding the attorney fees issue. The superior court found that the December 9 order was a final judgment and that North Coast's motion for attorney fees was not timely filed under CR 54(d)(2). In its May 15 written order, the superior court denied North Coast's motion for attorney fees and expenses with prejudice, but awarded North Coast $561.25 in costs. North Coast appeals.

ANALYSIS

North Coast argues the superior court incorrectly interpreted and applied CR 54(d)(2). We agree.

A.  LEGAL PRINCIPLES

"'Interpretation of a court rule is a question of law, subject to de novo review.'" *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (quoting *Gourley v. Gourley*, 158 Wn.2d 460, 466, 145 P.3d 1185 (2006)), *review denied*, 169 Wn.2d 1012 (2010). "Court rules are interpreted in the same manner as statutes. If the rule's meaning is plain on its face, we must give effect to that meaning as an expression of the drafter's intent." *Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013). Where a court rule is ambiguous, we look to the drafter's intent by "'reading the rule as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent embodied in the rule.'" *Jafar*, 177 Wn.2d at 526-27 (quoting *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007)).

CR 54 states, in relevant part:

**(a)  Definitions.**

(1)  *Judgment*.  A judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies.

A judgment shall be in writing and signed by the judge and filed forthwith as provided in rule 58.

(2) *Order*. Every direction of a court or judge, made or entered in writing, not included in a judgment, is denominated an order.

. . . .

**(d) Costs, Disbursements, Attorneys' Fees, and Expenses.**

. . . .

(2) *Attorneys' Fees and Expenses*. Claims for attorneys' fees and expenses, other than costs and disbursements, shall be made by motion . . . . Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment.

B.       MOTION FOR ATTORNEY FEES WITHIN MOTION FOR SUMMARY JUDGMENT

North Coast argues that the superior court erred because North Coast asserted its claim for attorney fees in its motion for summary judgment and that by doing so satisfied the plain language of CR 54(d)(2). We agree.

CR 54(d)(2) says, "Claims for attorneys' fees and expenses . . . shall be made by motion . . . . Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment." Here, North Coast filed a "Motion for Full or Partial Summary Judgment" in the superior court on August 14, 2014. CP at 11. In its motion, North Coast asked for "its costs and reasonable attorney's fees incurred in collecting the amount due in an amount to be determined in further proceedings." CP at 12. The request for attorney fees in the motion was supported by facts and legal argument. The record shows, and neither party disputes, that no judgments were entered prior to August 14 when North Coast's motion was filed.

Nothing in the text of CR 54 suggests that the substance of North Coast's motion, or the manner in which it was submitted, is incongruent with the requirements set forth in CR 54(d)(2).

6

Similarly, neither party offers any case law expanding or restricting the requirements of a CR 54(d)(2) motion beyond those contained in CR 54(d)(2).

Fidelity appears to argue that North Coast needed to file another motion for attorney fees between the superior court's December 9 order and December 19; however, that argument misreads the rule. The rule states that "the motion must be filed *no later than* 10 days after entry of judgment." CR 54(d)(2) (emphasis added). The rule does not require the motion to be filed *within* 10 days *of* entry of judgment. Therefore, we hold that North Coast's inclusion of its request for attorney fees in its August 14 motion for summary judgment complied with the plain language of CR 54(d)(2) because it claimed attorney fees and expenses, was made by motion, provided the facts and law necessary for a court to make a determination, and the motion was filed no later than 10 days after judgment was entered. CR 54(d)(2).

## ATTORNEY FEES

North Coast requests attorney fees on appeal under RCW 30.08.010,[4] RCW 60.28.030, and RAP 18.1. We hold that North Coast is entitled to its appellate attorney fees under RAP 18.1.

RCW 60.28.030 concerns liens for labor, materials, and taxes on public works, and provides in part, "In any action brought to enforce the lien, the claimant, if he or she prevails, is entitled to recover . . . attorney fees in such sum as the court finds reasonable." The applicability

---

[4] Former RCW 30.08.010 was recodified as RCW 30A.08.010 effective January 5, 2015. LAWS OF 2014, ch. 37, § 4. RCW 30A.08.010 is titled, "Incorporators—Paid-in capital stock, surplus, and undivided profits—Requirements" and does not appear to have any relevance to North Coast's request for attorney fees on appeal. North Coast does not provide an explanation for how this statute applies. "Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998).

of this statute is self-evident.  RAP 18.1 provides that this court will grant an award of reasonable attorney fees if a statute so provides.  Therefore, North Coast is entitled to recover its reasonable attorney fees incurred on appeal.

We reverse the superior court's denial of North Coast's motion for attorney fees and remand for the superior court to consider the motion on the merits.

Lee, J.

We concur:

Worswick, P.J.

Melnick, J.