# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| ANDREA MARIE WEAVER, | No.  48957-1-II |
| --- | --- |
| Appellant, | |
| v. | |
| BRANDON MICHAEL WEAVER, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — The trial court denied Andrea Wheeler's[1] motion for attorney fees following modification of a parenting plan because Wheeler's motion was untimely under CR 54(d). Wheeler makes four arguments supporting her assertion that the trial court erred by denying her request for attorney fees: (1) the trial court should apply the best interests of the child standard when determining motions for attorney fees following modification of a parenting plan, (2) public policy supports encouraging parties to settle out of court, (3) the trial court should allow parties to file motions for attorney fees if filed within a reasonable time, and (4) RCW 26.09.140 allows the trial court to award attorney fees "from time to time."  Wheeler's arguments lack merit.  Wheeler also argues that the trial court erred by failing to consider her motion to extend time to file a motion for attorney fees.  Because Wheeler's motion was untimely, the trial court did not err.  Accordingly, we affirm.

---

[1] Appellant is now known as Andrea Wheeler, and we refer to her as Andrea Wheeler in our opinion.

FACTS

On December 11, 2015, the superior court entered an order modifying the parenting plan between Wheeler and Brandon Weaver. On December 16, Wheeler's attorney sent an e-mail to Weaver's attorney offering to settle the issue of fees and costs without a motion. Wheeler's attorney did not receive a response. On January 6, 2016, Wheeler's attorney sent another email offering to settle and stating that, if Weaver did not want to settle Wheeler would pursue a motion for fees.

On February 9, 2016, Wheeler filed a motion for attorney fees and costs. The trial court denied Wheeler's motion for fees and costs because she failed to comply with the 10-day deadline in CR 54(d)(2). After the trial court denied her motion for attorney fees and costs, Wheeler filed a motion to reconsider and a motion to extend time for filing a motion for fees. The trial court denied Wheeler's motion for reconsideration. Wheeler appeals.

ANALYSIS

I. STANDARD OF REVIEW

We review interpretation of a court rule de novo. *North Coast Elec. Co. v. Signal Elec., Inc.*, 193 Wn. App. 566, 571, 373 P.3d 296 (2016). "'Court rules are interpreted in the same manner as statutes.'" *North Coast Elec. Co.*, 193 Wn. App. at 571 (quoting *Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013)). If the plain language of the court rule is unambiguous, we must give effect to that meaning. *North Coast Elec. Co.*, 193 Wn. App. at 571.

CR 54(d)(2) states,

*Attorneys' Fees and Expenses.* Claims for attorneys' fees and expenses, other than costs and disbursements, shall be made by motion unless the substantive law governing the action provides for the recovery of such fees and expenses as an

element of damages to be proved at trial. Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment.

Wheeler makes four arguments supporting her assertion that the trial court erred by denying her request for attorney fees: (1) the trial court should apply the best interests of the child standard when determining motions for attorney fees following modification of a parenting plan; (2) public policy supports encouraging parties to settle out of court; (3) the trial court should allow parties to file motions for attorney fees if filed within a reasonable time; and (4) RCW 26.09.040 allows the trial court to award attorney fees "from time to time." Br. of App. at 9-13. Wheeler's arguments lack merit. Accordingly, we affirm.

## II. BEST INTERESTS OF THE CHILD STANDARD

First, Wheeler argues that the trial court should have applied the best interests of the child standard to determine whether to consider her motion for attorney fees. This argument lacks merit because the plain language of the statutes governing actions under chapter 26.09 RCW clearly applies the best interests of the child standard only to decisions related to allocation of parental responsibilities.

The meaning of a statute is a question of law that we review de novo. *In re Marriage of Persinger*, 188 Wn. App. 606, 609, 355 P.3d 291 (2015). "The purpose of statutory interpretation is to determine and give effect to the legislature's intent." *Persinger*, 188 Wn. App. at 609. To determine legislative intent, we first look to the plain language of the statute. *Persinger*, 188 Wn. App. at 609.

3

RCW 26.09.002 provides, in relevant part,

> In any proceeding between parents under this chapter, the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities.

Chapter 26.09 RCW does not define "parental responsibilities." However, RCW 26.09.004 defines "parenting functions" as "those aspects of the parent-child relationship in which the parent makes decisions and performs functions necessary for the care and growth of the child" including providing financial support for the child.

Here, awarding attorney fees does not fall within the allocation of parental responsibilities governed by the best interests of the child standard. Parental responsibilities includes providing financial support to the child, but payment of attorney fees is not financial support for the child—it is financial support for the parents' attorneys. Wheeler argues that imposing attorney fees on a parent affects the parent's ability to provide financial support for the child. However, Wheeler's argument is unpersuasive because the plain language of the statute applies the best interests of the child standard to decisions directly allocating parental responsibilities rather than issues that collaterally affect a parent's ability to otherwise meet his or her obligations.

Moreover, applying a best interests of the child standard would conflict with the plain language of the statute governing the award of attorney fees. Under RCW 26.09.140, the trial court awards attorney fees after "considering the financial resources of both parties." Nothing in the plain language of RCW 26.09.140 indicates that the trial court should consider the best interests of the child rather than the financial resources of the parties. Accordingly, Wheeler's argument that the trial court should have applied the best interests of the child standard lacks merit.

### III. PUBLIC POLICY

Second, Wheeler argues that public policy favors settlement out of court. And because the delay here in filing the motion for attorney fees was due, at least in part, to an attempt to settle out of court, the trial court should have permitted her motion for attorney fees. However, we do not resort to considering public policy when the plain language of a statute or court rule is unambiguous. Accordingly, the public policy encouraging settlement out of court is not grounds, in and of itself, for reversing the trial court.

Washington recognizes a "'strong public policy of encouraging settlements.'" *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 674, 15 P.3d 115 (2000) (quoting *Seafirst Ctr. Ltd. P'ship v. Erickson*, 127 Wn.2d 355, 366, 898 P.2d 299 (1995)). However, if the plain language of the court rule is unambiguous, this court must give effect to that meaning. *North Coast Elec. Co.*, 193 Wn. App. at 571. Here, the plain language of CR 54(d)(2) explicitly imposes a 10-day deadline for filing a motion for attorney fees. Moreover, this deadline may only be modified by court order or statute. Accordingly, we have no basis for resorting to public policy to interpret CR 54(d)(2) and Wheeler's public policy based argument lacks merit.

### IV. REASONABLE TIME

Third, Wheeler alleges that "[i]t seems unlikely the Supreme Court, when writing the rule, contemplated the 10-day time limit as a means of denying the prevailing party the remedy to which it is entitled if application is made within a reasonable time." Br. of Appellant at 12. This argument lacks merit because it directly conflicts with the basic rules of statutory construction.

The plain language of CR 54(d)(2) includes an explicit 10-day deadline. If the Supreme Court had intended the rule to allow parties to file a motion for attorney fees within a reasonable

time, it easily could have said so. Accordingly, there are no grounds for interpreting CR 54(d)(2) as allowing a party to file a motion for attorney fees within a reasonable time rather than within the 10-day deadline and Wheeler's argument lacks merit.

## V.  RCW 26.09.140 – ATTORNEY FEES

Fourth, Wheeler argues that RCW 26.09.140, which authorizes a trial court to order payment of attorney fees "from time to time," modifies the 10-day deadline for a party to file a motion requesting an award of  attorney fees under CR 54(d)(2).  We disagree with Wheeler's assertion that the "from time to time" language modifies the deadline for filing attorney fees after a final judgment is entered.

CR 54(d)(2) governs motions for attorney fees following entry of final judgment.  As a general rule, a party will not be awarded attorney fees until after judgment is entered.  But RCW 26.09.140 creates an exception to this rule by allowing the superior court to award attorney fees at other times during the pendency of a family law action.  It is not reasonable to read RCW 26.09.140 to expand the time a party can file a motion requesting an award of attorney fees after entry of a final judgment.  Wheeler attempts to support her argument by reading a reasonableness element into the statutory language that fees may be awarded "from time to time," but there is clearly no reasonableness requirement in RCW 26.09.140.  Under Wheeler's reasoning, a party in a family law action would be able to file a motion requesting an award of  attorney fees at any time following entry of a final judgment.  This is an absurd result.  *In re Marriage of McDermott*, 175 Wn. App. 467, 488, 307 P.3d 717 (2013) (it is fundamental that this court avoids absurd results when construing statutes).

Here, a final judgment was entered, therefore, the 10-day deadline, rather than the "from time to time" language, governs the deadline for her to file a motion for an award of attorney fees. Accordingly, Wheeler's argument that the "from time to time" language in RCW 26.09.140 modifies the deadline imposed by CR 54(d) lacks merit.

## VI. MOTION TO EXTEND TIME

Wheeler also argues that the trial court erred by failing to consider her motion to extend time to file a motion to award fees. Wheeler argues that the trial court abused its discretion by choosing not to exercise its discretion to extend time. Wheeler frames this issue as the trial court's failure to exercise discretion based on her assertion that the trial court did not even consider her motion. However, Wheeler's motion to extend time was included with her motion to reconsider. Because the trial court entered an order denying Wheeler's motion to reconsider, we consider Wheeler's motion to extend time denied rather than not considered. Accordingly, the question is whether the trial court abused its discretion by denying Wheeler's motion to extend time. Because Wheeler's motion was untimely and did not assert grounds for extending time, the trial court did not err.

A motion to extend time is made under CR 6(b). Under CR 6(b)(2) the trial court may "upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect." We review a trial court's decision on a motion to enlarge time under CR 6(b) for an abuse of discretion. *Clipse v. Commercial Driver Servs., Inc.*, 189 Wn. App. 776, 786, 358 P.3d 464 (2015). A trial court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons. *Clipse*, 189 Wn. App. at 787.

7

Here, the trial court did not abuse its discretion in denying Wheeler's motion to extend time to file fees because the motion was untimely. Rather than file a motion to extend time when filing the motion for attorney fees, Wheeler waited until the trial court had already denied the motion for fees. Moreover, if the deadline to file a motion has passed, the trial court may enlarge the time to file the motion *only* if the lateness was the result of excusable neglect. *Clipse*, 189 Wn. App. at 788. Although Wheeler presented numerous arguments regarding why the 10-day deadline in CR 54(d) should not apply to her, she failed to demonstrate her lateness in filing the motion was due to excusable neglect. Accordingly, the trial court had no grounds for granting the motion to extend time, even if it had been timely filed. Because Wheeler's motion to extend time was untimely and she failed to demonstrate excusable neglect, the trial court did not err by denying the motion to extend time.

## ATTORNEY FEES

Wheeler requests attorney fees on appeal under RAP 18.1 and RCW 26.09.140. Under RAP 18.1(c),

> In any action where applicable law mandates consideration of the financial resources of one or more parties regarding an award of attorney fees and expenses, each party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for oral argument[.]

RCW 26.09.140 allows an award of attorney fees upon consideration of the financial resources of the parties. In deciding whether to award attorney fees on appeal, we balance the need of the requesting party against the ability of the other party to pay. *In re Marriage of Young*, 18 Wn. App. 462, 466, 569 P.2d 70 (1977). Accordingly, financial affidavits are required for us to consider

Wheeler's request for attorney fees. Neither party timely filed financial affidavits. RAP 18.1. Accordingly, we deny the request for attorney fees under RAP 18.1 and RCW 26.09.140.

Weaver also requests attorney fees under RAP 18.9 rather than RCW 26.09.140. Under RAP 18.9, we can award attorney fees based on a frivolous appeal. "An appeal is frivolous if it presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Eagle Sys., Inc. v. Emp't Sec. Dep't*, 181 Wn. App. 455, 462, 326 P.3d 764 (2014). Here, there was no directly controlling law on the application of CR 54(d) to family law cases. Accordingly, Wheeler's appeal was not entirely frivolous and we deny Weaver's request for attorney fees under RAP 18.9.

We affirm

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, J.

MAXA, A.C.J.