IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JAMES YOUNG and CAROLYN TOOLEY-YOUNG, Husband and Wife, | ) ) ) | No. 79549-0-I |
| Respondents/Cross Defendants, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| PATRICIA GUERTIN, a single woman, | ) ) | UNPUBLISHED OPINION |
| Appellant/Cross Plaintiff, | ) ) | |
| PAUL COLVIN, a single man, | ) ) | |
| Defendant/Cross Plaintiff. | ) ) | |

PER CURIAM — Patricia Guertin appeals the trial court's denial of her motion to reconsider an order and judgment for attorney fees and costs. The court dismissed her claims against her neighbors James Young and Carolyn Tooley-Young (the Youngs) and awarded them attorney fees and costs, but the court did not determine the amount until months later when the Youngs brought a motion to enter an order and judgment of attorney fees and costs "in Sum Certain." Because Guertin's motion to reconsider did not comply with the time limits of CR 59(b) and the trial court properly considered the Youngs' motion to determine the amount of fees, the trial court did not abuse its discretion in denying Guertin's motion for reconsideration. Accordingly, we affirm.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

This appeal follows several years of litigation pursued by Guertin and her partner Paul Colvin against their neighbors the Youngs, who own property adjacent to theirs.  The dispute began in July 2011 when Colvin filed a complaint claiming adverse possession of certain portions of the Youngs' property.[1]  In 2012, the parties reached a settlement, agreeing to release all claims relating to or arising from these properties that were brought or could have been brought in the lawsuit.  The settlement agreement provided for attorney fees and costs to the prevailing party in any action arising out the settlement agreement.

Two years later in December 2014, Colvin filed a complaint in federal court, seeking declaratory relief relating to the boundary line adjustment around the property that was the subject of the adverse possession claims; and alleging, among other things, breach of the settlement agreement, nuisance, and trespass.  The federal court dismissed the complaint on summary judgment in July 2015.

In October 2015, the Youngs sued Colvin and Guertin in Snohomish County Superior Court for breach of the settlement agreement, seeking damages and attorney fees and costs.  Colvin and Guertin asserted counterclaims of breach of contract, intentional infliction of emotional distress, nuisance, trespass, and timber trespass.

---

[1] Guertin and Colvin also brought claims against the former owner of their property, which were dismissed on summary judgment.  See Colvin v. Young, No. 69051-5-I (Wash. Ct. App. Apr. 21, 2014) (unpublished), http://www.courts.wa.gov/opinions/pdf/690515.pdf (affirming dismissal).

2

In March 2016, the court granted the Youngs' motion for partial summary judgment, finding that Colvin and Guertin breached the settlement agreement and were liable for damages proximately caused by their breach. The court ordered that judgment would be entered for damages and for an award of attorney fees "upon proper presentation." In April 2017, the court granted the Youngs' motion for partial summary judgment as to damages and attorney fees. The court entered judgment against Colvin and Guertin for $5,000.00 in damages and $35,806.40 in attorney fees and costs. This judgment provided that "Plaintiffs may apply for an award of attorney's fees and costs incurred in this action subsequent to the Motion for Summary Judgment." Colvin's and Guertin's motions for reconsideration and discretionary review were denied, as were their motions for revision of other court orders.

In August 2017, the court dismissed Colvin's and Guertin's counterclaims on summary judgment except for their breach of contract claims. A trial date on the remaining claims was set for June 11, 2018. On the day of trial, Colvin appeared pro se and asked for a continuance, claiming his recent bankruptcy filing created an automatic stay of the trial, he no longer had counsel, and he was not prepared to proceed to trial. Guertin did not appear. The court found that there was no legal basis to stay the trial, that all parties had ample notice of the trial date, and that there was no good cause for delay. When Colvin refused to proceed with trial, the court dismissed the counterclaims with prejudice and awarded the Youngs attorney fees and costs as the prevailing party, the amount of which "to be determined upon proper presentation." The court denied Colvin's

motion for reconsideration on August 1, 2018.  On August 23, 2018, the court also denied Colvin's and Guertin's motions to preclude the Youngs from executing on the April 2017 judgment, imposing sanctions on Colvin and Guertin for filing frivolous motions.

On October 22, 2018, the Youngs brought a "Motion for Order and Judgment of Attorney's Fees and Costs in Sum Certain" against Guertin, seeking fees incurred in defending against Colvin's and Guertin's contract-based counterclaims.  In support of the motion, the Youngs' attorney submitted a fee affidavit referring to the court's June 11, 2018 dismissal order awarding fees and costs in an "amount to be determined upon proper presentation" and an itemized statement of fees and costs, totaling $46,512.50 in fees and $1,440.83 in costs.  Guertin moved to dismiss the motion, claiming it was time barred by CR 54(d)(2) because it was filed more than 10 days after the judgment was entered.

On November 2, 2018, the court entered an order and judgment for attorney fees and costs totaling $47,953.33 and denied Guertin's motion to dismiss.  On November 13, 2018, Guertin filed a motion for reconsideration of the order and a hearing date was set for January 11, 2019.  She asserted that the court's ruling was a "mistake of law," claiming again that the court improperly considered the Youngs' motion because it was not filed within 10 days of the order dismissing her remaining counterclaims.  On January 11, 2019, the court denied the motion to reconsider as untimely and awarded the Youngs $1,000.00 in additional attorney fees for time spent responding to the motion.

Guertin appeals.

4

ANALYSIS

We first address the Youngs' claim that the appeal is untimely. The Youngs note that Guertin's brief is titled, "Motion for General Review" and contend that to the extent she seeks "general review" of the case, including the final judgment entered on June 11, 2018, her appeal is untimely and should be dismissed. Guertin's notice of appeal seeks review of only the January 11, 2019 order denying her motion for reconsideration. Guertin filed her notice of appeal within 30 days of the order appealed in compliance with time limits in RAP 5.2(a). Her appeal of that order is therefore timely.

Guertin contends that the trial court erred in denying her motion for reconsideration under CR 59(b) and in considering the Youngs' motion for attorney fees and costs when their motion was filed more than 10 days after the order of dismissal. We disagree with both arguments.

The trial court did not abuse its discretion in refusing to grant reconsideration under CR 59(b). "Motions for reconsideration are addressed to the sound discretion of the trial court" and we will not reverse the trial court's ruling absent a showing of manifest abuse of discretion. Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005). "A trial court abuses discretion when its decision is based on untenable grounds or reasons." Wilcox, 130 Wn. App. at 241.

Guertin claims the trial court abused its discretion by denying her motion to reconsider as untimely. She asserts that she complied with CR 59(b) because

5

she filed her motion on November 13, 2018, which was within 10 days of the November 2, 2018 order, excluding the Veterans Day holiday on November 12.

CR 59(b) addresses the time for filing and contents of a motion for reconsideration:

> A motion for a new trial or for reconsideration shall be filed not later than 10 days after the entry of the judgment, order, or other decision.  The motion shall be noted at the time it is filed, to be heard or otherwise considered within 30 days after the entry of the judgment, order, or other decision, unless the court directs otherwise.

Guertin filed her motion to reconsider on November 13, 2018, which would have been within the 10 days under CR 6(a) in light of the November 12 holiday.  But the record suggests Guertin did not properly note her motion for reconsideration.  There is no note for the motion in the record on appeal.  The only reference in the record to a note for the motion is in a letter from Guertin to Snohomish County Commissioner Tracy Waggoner filed on December 14, 2018, which refers to "my Motion for Reconsideration filing of 15-2-06641-1 previously noted for December 4, 2018 hearing" and to communication from the clerk's office "regarding my December 11, 2018 hearing."  The December 14 letter states, in part:

> In response to a request by the clerk's office this past Monday regarding my December 11, 2018 hearing that because I used the wrong Calendar Note Form (Superior Court not Commissioner), didn't designate the judge who was supposed to hear the motion, and that I had put down the wrong date of Plaintiff's original motion hearing I was requesting reconsideration of (there was no June 11, 2018 motion filed by Plaintiffs under the title given, it was November 2, 2018) I caused some confusion as [to] which court and judge my motion was supposed to be heard by.  Therefore, I am renoting my hearing for my Motion to Reconsider using the proper Commissioner Hearing Form designating yourself as the

6

proper Commissioner and filing an Amended Motion with the date clarification.

Guertin then filed an "Amended" motion and declaration on December 14, 2018 and again on January 3, 2019. Apparently, she filed the correct note for motion with only the January 3 set of pleadings because the court calendared the motion to be decided without oral argument on January 11, 2019. The court denied the motion as untimely.

Even if Guertin originally filed her motion within 10 days of the November 2, 2018 order as she asserts, the record demonstrates that she failed to note the motion properly for a hearing within 30 days of the order in compliance with CR 59(b). At best, according to her December 14 letter, she improperly noted the motion for a hearing on either December 4 or December 11. Both dates were more than 30 days from the entry of the order.[2] Additionally, there is nothing in the record showing that she noted the motion for a hearing at the time she filed her motion on November 13 as required by the rule. CR 59(b) provides that "[t]he motion shall be noted at the time it is filed." (Emphasis added.) In any event, as indicated in her December 14 letter to Commissioner Waggoner, her initial attempt to note the motion was not successful and a hearing was not set until January 11, 2019, well over 30 days from entry of the order of which she sought reconsideration. The trial court did not abuse its discretion by finding that her motion was untimely.

---

[2] Thirty days from entry of the order was December 2, 2018, which was a Sunday. Thus, the motion should have been noted for an available hearing date before then.

7

Moreover, even if timely, her motion to reconsider was without merit. The trial court properly considered the Youngs' motion for an order and judgment of attorney fees and costs "in Sum Certain."

The trial court's application of a court rule is a question of law we review de novo. Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001); Kim v. Pham, 95 Wn. App. 439, 441, 975 P.2d 544, review denied, 139 Wn.2d 1009, 994 P.2d 844 (1999). CR 54(d)(2) does not prohibit the court from considering a motion to determine the amount of attorney fees filed more than 10 days after the court enters an order of dismissal when the court previously determined that the party was entitled to an award attorney fees. CR 54(d)(2) provides:

> Attorneys' Fees and Expenses. Claims for attorneys' fees and expenses, other than costs and disbursements, shall be made by motion unless the substantive law governing the action provides for the recovery of such fees and expenses as an element of damages to be proved at trial. Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment.

A "[c]laim[ ]" for attorney fees within the meaning of CR 54(d)(2) is a request for a ruling on that party's entitlement to an award of fees. In North Coast Electric Co. v. Signal Electric, Inc., 193 Wn. App. 566, 569-70, 373 P.3d 296 (2016), North Coast filed a summary judgment motion in which it requested an award of attorney fees but did not submit a declaration from counsel detailing a specific amount sought. Several months after the court granted its summary judgment motion, counsel for North Coast filed a motion for an award of attorney fees with a declaration and documents supporting its calculation of fees. Id. at 570. The opposing party contended the motion was untimely under CR 54(d).

8

Id. at 570. This court disagreed, holding that under CR 54(d), the motion must be made " 'no later than 10 days after entry of judgment,' " not "within 10 days of entry of judgment." Id. at 573 (quoting CR 54(d)(2)). Because North Coast had claimed an entitlement to attorney fees in its summary judgment motion, the court concluded that "[n]othing in the text of CR 54 suggests that the substance of North Coast's motion, or the manner in which it was submitted, is incongruent with the requirements set forth in CR 54(d)(2)." Id. at 573.

This case is analogous. Here, the Youngs sought and the trial court granted their request for attorney fees on at least three different occasions—in March 2016, in April 2017, and again in June 2018—before dismissing Guertin's counterclaims when she failed to appear for trial. As in North Coast, the Youngs' subsequent motion for a specific dollar amount of attorney fees did not need to relitigate their entitlement to fees as the prevailing party—that determination had already been made. Thus, the motion was not subject to the 10-day limit of CR 54(d). The trial court did not err in awarding attorney fees to the Youngs. Accordingly, Guertin's motion for reconsideration was without legal merit and the trial court did not abuse its discretion by denying it.

The Youngs request attorney fees under RAP 18.1(a) based on the attorney fee provision in the 2012 settlement agreement. Neither the settlement agreement nor the counterclaim pleadings out of which this litigation arose have been designated on appeal.[3] Thus, we cannot ascertain the basis for the attorney fees request. Accordingly, we deny the Youngs' request for fees.

---

[3] Guertin appended a copy of the settlement agreement to her brief but did not designate it as part of the clerk's papers. See RAP 9.1, 9.6.

We affirm the trial court's denial of Guertin's motion to reconsider the order and judgment for attorney fees and costs.

Appelwick, J.

WE CONCUR:

Andrus, A.C.J.          Dwyr, J.